STATE OF NORTH CAROLINA v. BRIAN LAMONT HARGROVE

No. COA08-1538

(Filed 17 August 2010)

**Appeal and Error— preservation of issues—failure to object at trial—double jeopardy**

    Although defendant contended the trial court erred by denying his motion to dismiss the charges of robbery with a dangerous weapon and noncapital first-degree murder based on double jeopardy when his prior trial on the same charges ended in a mistrial, defendant failed to preserve this claim by failing to

object to the trial court's termination of the first trial by a declaration of a mistrial.

Appeal by defendant from judgment entered 20 March 2008 and order entered 25 March 2008 by Judge Paul G. Gessner in Superior Court, Vance County. Heard in the Court of Appeals 18 August 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Charles E. Reece, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

WYNN, Judge.

"[A] defendant is not entitled by reason of former jeopardy to dismissal of the charge against him, where he failed to object to the trial court's termination of his first trial by a declaration of mistrial."[1] In the present case, Defendant Brian Lamont Hargrove argues that the trial court erred in denying his motion to dismiss the charges against him on the grounds of double jeopardy, when his prior trial on the same charges ended with the declaration of a mistrial. Because Defendant failed to object to the declaration of a mistrial, Defendant failed to preserve his claim. We therefore dismiss Defendant's appeal.

On 25 July 2005 Defendant was indicted for robbery with a dangerous weapon and first degree murder. Defendant filed a motion to declare the case noncapital on 20 June 2006. On 25 July 2006, the Vance County District Attorney filed a motion consenting to declare the case noncapital. Defendant was first tried in February 2008. The State's evidence in that case tended to show the following:

Samir Harith Abdul Rasheed was found dead in his home on 29 March 2004. At the time his body was discovered, Rasheed was renting a mobile home on or near Vincent Hoyle Road. It was determined that Rasheed's death was caused by two gunshot wounds, one to the left cheek and one to the abdomen. At the scene, officers found several .357 SIG shell casings.

The State presented the testimony of Weldon Bullock, a captain with the Vance County Sheriff's Office. After discussing some of the ballistics evidence recovered from Rasheed's home, Bullock was asked to identify three other exhibits. These were three .357 SIG shell casings found beside a dirt path near Club Pond Road on 21 June

---

1. *State v. Lachat*, 317 N.C. 73, 85, 343 S.E.2d 872, 878 (1986).

2005. Bullock testified that all of these items were obtained from Officer Cordell.

The State later called J. M. Cordell. Cordell testified that in 2004 and 2005 he was employed as Chief Investigator with the Vance County Sheriff's Department. Cordell stated that the first time he went to Club Pond Road he was responding to a call from Detective Allman, who reported that he had observed a box of .357 SIG bullets on top of a refrigerator in a residence on Club Pond Road. Cordell went to the vicinity and found three spent .357 SIG casings on a dirt path that runs off the end of Club Pond Road. Cordell stated that Defendant was living in a nearby house at the time.

On cross-examination, Cordell stated that the investigative report on the shell casings found on Club Pond Road was part of the Sheriff's Department file in this case. Defense counsel told the trial court that the report and the photographs of the shell casings found on Club Pond Road had not been turned over by the State in discovery. The trial court instructed the prosecutor to produce the report, and declared a recess.

When court reconvened, the prosecutor informed the trial court that he was unable to locate any additional report or photographs. The judge informed the attorneys that he would see them in chambers. During the conference, the judge asked whether the State or Defendant was going to request a mistrial. Neither attorney moved for a mistrial at that time. Court reconvened and Defense counsel asked for another recess to research what to do at this point. The prosecutor stated that he had no objection to a recess, and asked to approach.

In the ensuing bench conference, the trial court informed Defense counsel that if he did not request a mistrial, then he would be engaging in *per se* ineffective assistance of counsel. The judge informed the prosecutor that he was unsure what effect a motion for a mistrial by the State would have on the case. Nevertheless, Defense counsel did not move for a mistrial.

On the record, but outside of the presence of the jury, the trial court explained that he could not allow the jury to consider evidence which had not been provided to Defendant, and he could not expect the jury to disregard "the connection between the discovery of the unique bullets on the refrigerator and the bullets that were allegedly used in the murder[.]" The judge then stated "the Court, of its own motion . . . would declare a mistrial in this case."

The jury was brought into the courtroom. The trial court explained that the law requires full disclosure by the State, and under these circumstances the judge would have to ask the jury to disregard Cordell's testimony. The trial court stated "I can't put you in that position, because it—it would be extremely difficult for anyone to remain fair and impartial, having heard some testimony which I consider to be critical in the case, and having to disregard that evidence with respect to the trial of the case." The trial court stated that it had therefore declared a mistrial. The trial court then dismissed the jury.

The State gave notice to Defendant that it intended to try him again on the same charges. On 6 March 2008 Defendant filed a motion to dismiss on the grounds of double jeopardy. A hearing on the motion was conducted on 13 March 2008. The judge reserved ruling on the motion. Defendant was tried at the 17 March 2008 Criminal Session of Vance County Superior Court. At trial, the State presented the testimony of, among others, Rashad Coleman, a witness to Defendant's shooting the victim. A jury found Defendant guilty of robbery with a dangerous weapon and second degree murder. On 25 March 2008 the trial court entered a written order denying Defendant's motion to dismiss.

On appeal, Defendant argues that the trial court violated his constitutional right to be free from double jeopardy. Defendant first argues that the trial court erred in declaring a mistrial in the absence of manifest necessity, thereby subjecting him to double jeopardy. Defendant argues further that the motion hearing court erred in failing to review the trial court's conclusion that it was impossible to proceed with the first trial in conformity with law.

Preliminarily we address the question of whether Defendant preserved the issue he now seeks to appeal. Our Supreme Court "held in State v. Odom, 316 N.C. 306, 341 S.E.2d 332 (1986), a noncapital case, that a defendant is not entitled by reason of former jeopardy to dismissal of the charge against him, where he failed to object to the trial court's termination of his first trial by a declaration of mistrial." State v. Lachat, 317 N.C. 73, 85, 343 S.E.2d 872, 878 (1986). Our Supreme Court indicated in Lachat that a different rule would apply in capital cases, when the trial court provided the defendant no opportunity to object by prior notice or warning. Id. at 85-86, 343 S.E.2d at 878-79.

Here, pursuant to the prosecutor's consent to Defendant's pre-trial motion to declare the case noncapital, Defendant's trial was

STATE v. HARGROVE

[206 N.C. App. 591 (2010)]

a noncapital case. *See id.* at 86, 343 S.E.2d at 879. (noting that the State's stipulation caused case to lose its capital nature); *see also* N.C. Gen. Stat. § 15A-2004(a) (2009) ("The State, in its discretion, may elect to try a defendant capitally or noncapitally for first degree murder[.]"). Defendant is therefore not entitled to the *Lachat* exception to the *Odom* waiver rule when the case is capital.

Defendant posits that *Lachat* provides an alternative avenue to the exception when a defendant does not have the opportunity to object to the declaration of a mistrial. Contrary to Defendant's assertion, however, Defendant clearly had the opportunity to object in this case. The trial court first raised the issue of a mistrial in chambers with the attorneys, and again at the bench-conference. Defense counsel was thereby notified that the trial court was considering a mistrial. The trial court then explained its decision to the attorneys on the record before the jury entered the courtroom and was informed of the mistrial. At no point during the conferences with the judge, during the trial court's announcement to the attorneys, or during the trial court's explanation to the jury did Defendant object to the mistrial. Nor did Defendant request an opportunity to be heard on the matter. By failing to object when his first noncapital trial was terminated, Defendant failed to preserve his claim that he is entitled by reason of former jeopardy to dismissal of the charges against him. *See Odom*, 316 N.C. at 311, 341 S.E.2d at 335.

APPEAL DISMISSED.

Judges STROUD and BEASLEY concur.

Judge WYNN concurred in this opinion prior to 9 August 2010.